## Asa Grimes vs. Seth Turner & al.

Where a sum of money was paid by the debtor to the judgment creditor, while the execution was in the hands of an officer, and directed to be allowed thereon but was not indorsed; and the debtor was afterwards arrested on the execution, and gave bond in double the amount of the whole execution and officer's fees; in ascertaining the amount due in a suit upon the bond, the sum thus paid, is to be regarded as a payment made at the time it was received.

The attorney in the original suit, having a lien for his costs which were included in the amount for which the bond was given, may receive payment of the debtor after the giving of the bond, and give a valid discharge for the amount.

Where there has been a payment and acceptance of the full amount equitably due on the bond, before a suit was commenced thereon for the penalty, the action cannot be maintained.

THE case was submitted upon a statement of facts agreed by the parties, from which it appears, that the action was debt on a bond in the usual form of those given upon arrest on execution, to procure release therefrom, dated *December* 15, 1835, in the penal sum of $341,20. An officer, having in his hands an execution in favor of the plaintiff against *Seth Turner*, dated *Sept.* 15, 1835, issued on a judgment recovered at the *Sept. Term*, of the Court of Common Pleas, 1834, arrested the defendant thereon *December* 15, 1835, and released him on his giving the bond in suit. This was the third execution, stating on its face that execution was to be done for $162,44, and the officer charged dollarage on that sum, and made his fees amount to $7,74. The penalty of the bond was said to be for double the two last sums. The statement of facts shows, that " it is admitted, that prior to the arrest of *Turner*, the plaintiff admitted to the officer having the execution, that he had received fifty dollars of *Turner* upon the execution, which he ordered the officer to allow thereon, and it is agreed to be the same fifty dollars referred to by the parties in their agreement, dated *Sept.* 13, 1834." At the close of that agreement are these words, " if it hereafter appears, that said *Turner* has paid *Moses Rines* fifty dollars for said *Grimes*, this shall not be a discharge of said *Turner's* claims on said *Grimes* for said fifty dollars." It was also admitted, that *Turner* paid *G. M. Chase*, the Attorney for

Grimes *v.* Turner.

the plaintiff in the former suit, thirty-five dollars, *Feb.* 21, 1837. The costs of that suit, were $35,94. *May* 15, 1836, the plaintiff assigned the demand to *B. F. Waite,* and *Sept.* 26, 1836, *Turner* paid *Waite* $100, and *Dec.* 26, 1836, the further sum of $10. The time when this suit was commenced does not appear. The plaintiff claims that the fifty dollars paid by said *Turner* prior to the execution of the bond shall not be allowed on the execution and the bond, as against *Waite,* the assignee. If that sum is to be allowed, judgment is to be rendered for the defendants, unless in the opinion of the Court, the plaintiff shall be entitled to judgment against the principal for that sum. If the fifty dollars are not to be allowed, then judgment is to be for the plaintiff for that amount, interest and costs.

*Chase,* for the plaintiff, argued : —

1. The confession of the plaintiff that he had received the fifty dollars, taken in connexion with the other facts in the case, is only to be considered as his opinion of the legal effect of the contract, and will not control it. *Boston Hat Manufactory* v. *Messinger,* 2 *Pick.* 223.

2. Were this an action on the judgment, the defendant could not prevail. He could only plead it as accord and satisfaction. Here was accord, but no satisfaction. 2 *Stark. Ev.* 25 ; *Saund. Pl. & Ev.* 28.

3. This action is founded on an entirely different cause of action from the one sought to be affected by the agreement. The only question here is, whether the covenants have been kept.

4. The defendants are estopped to deny the consideration of the deed or bond. There has been no failure of consideration, and the circumstances have not altered, and no mistake is shown in giving the bond.

5. The true issue between the parties is, have the defendants kept and performed the conditions of the writing obligatory declared on ? They cannot introduce parol evidence to vary or contradict the bond.

6. *Waite,* the assignee and party in interest, was ignorant of any agreement about the fifty dollars at the time of the assignment, and therefore is entitled to all legal objections to the agreement as affecting the bond.

*Bradbury,* for the defendants, argued, that the admissions of *Grimes,* made long before the assignment, were as strong evidence of payment, as if he had continued the owner of the demand. He could assign to *Waite* only the sum equitably due. If this then was a payment on the execution, it is a payment on the bond. The bond was not taken under the statute, being for more than double the amount due on the execution. Judgment can be rendered only for the amount equitably due, and that can be ascertained but by finding the amount due, if any, on the execution. The agreement to allow this on the execution is clear. The fact is sufficient, whatever his opinion of the law may be. *Clapp* v. *Cofran,* 7 *Mass. R.* 98.

The opinion of the Court was by

Weston C. J. — The arrest, commitment and bond were the means, afforded by law, to enable the creditor to coerce the payment of his debt. The execution sets forth the duty of the officer and the liability of the debtor. The officer is to cause the amount to be paid and satisfied to the creditor. The latter had an undoubted right to receive it, at the hands of the debtor; and if he had done so, and had notified the officer accordingly, his precept would not have justified him in arresting the body of the debtor, for the amount originally due on the execution, whatever rights he might have had for his own fees; for he is to take the body, for the want of goods to satisfy the creditor. And if the creditor has received a partial payment, execution remains to be done only for the balance, with the officer's fees.

The case finds, that while the execution was in the hands of the officer, and before the arrest of the debtor, the execution creditor admitted, that he had received of the debtor fifty dollars on the execution, and ordered the officer to allow the same thereon. This was prior to the assignment to *Waite,* and while *Grimes* was the real party in interest. The admission was then full evidence of the fact; and the officer was bound to take the direction given him. *Hatch* v. *Dennis,* 1 *Fairf.* 244.

It can make no difference how this sum was paid. There is reason to believe that *Grimes* allowed it, on account of a previous payment of the same amount by *Turner.* The former agreement,

touching that payment, was for the purpose of showing, that the fifty dollars were not adjusted and allowed in lessening the judgment, as doubtless would have been done, if *Grimes* had been satisfied, that such a payment had been made. The allowance on the execution was not in pursuance of that agreement, but in consequence of the subsequent positive acceptance by *Grimes*, of that payment, when assured that it had been made, as so much paid on the execution. Most extraordinary would it be, if that arrangement, dictated by the most obvious principles of justice, is to be defeated by the subsequent proceedings of the officer. He should have arrested the debtor for the balance, and the bond should have been taken accordingly. That is the derivative, based upon the amount, for which the debtor is imprisoned, and *the sureties are answerable only for the debt due, cost and interest.* In our judgment then, the payment of the fifty dollars, made to the creditor, should be allowed.

As to the question, whether the plaintiff may not have judgment against the principal, it appears to us, that there had been an acceptance of all, that was equitably due, prior to the suit.

In the assignment to *Waite*, provision is made to secure the cost, which belonged to the attorney, *Mr. Chase.* Thirty-five dollars, being its amount, within a fraction, were paid by *Turner*, to the acceptance of *Chase*, although more than nine months from the date of the bond. It was competent for him to adjust this part of the claim; and of this *Waite* had no right to complain. The sum, for which execution was to be done, was $170,60, including the fees of the officer. Deducting therefrom the fifty dollars paid to *Grimes*, and the thirty-five dollars paid to *Chase*, there would remain due to *Waite*, $85,60, which with interest thereon, he was entitled to receive. Within eight days after the time, when by the condition of the bond the principal should have surrendered himself, *Waite* received from him a larger sum, than the balance and interest; and three months afterwards, an additional sum of ten dollars.

The bond, having been given for more than double the amount, for which the debtor was lawfully imprisoned, can be good, if at all, only as a bond at common law, and as such is subject to chancery, and the plaintiff in interest had, prior to the suit, accepted all

that he would be entitled to in equity and good conscience. It was in the nature of a payment and acceptance, *post diem*, of all which the plaintiff had any equitable right to claim, and must therefore in our judgment be taken to have been received in satisfaction.

*Judgment for defendants.*